IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief August 2, 2001

## DAWN A. DUGAN v. ELLIOTT R. MYERS (DECEASED), et al.

**Appeal from the Juvenile Court for Washington County**
**No. JUV 275     John L. Kiener, Judge**

**FILED SEPTEMBER 24, 2001**

**No. E2001-00281-COA-R3-JV**

CHARLES D. SUSANO, JR., J., concurring.

I agree with the majority that this case should be remanded to the trial court. My concurrence should not be read, however, as an acknowledgment of the constitutional validity of that part of T.C.A. § 36-6-306 which permits a court to intervene in the parent-child relationship if the court finds "substantial harm...based upon cessation of the relationship between an unmarried minor child and the child's grandparent." As I read **Hawk v. Hawk**, 855 S.W.2d 573 (Tenn. 1993) and its progeny, the type of "substantial harm" that permits the state – by way of a court – to interject itself into the parent-child relationship, and order grandparent visitation in the face of opposition from a parent is actual substantial harm or reasonably predictable substantial harm *arising out of the parent-child relationship itself.* As I understand the Supreme Court cases, they do not expressly recognize the type of harm contemplated by the above-referenced part of T.C.A. § 36-6-306. I believe it remains to be seen whether the "substantial harm" resulting from an *absence* of a relationship with a grandparent is constitutionally sufficient to trigger the interference contemplated by the statute. *Cf. Terry v. Botts*, C/A No. E2000-01288-COA-R3-CV, 2001 WL 173207 (Tenn. Ct. App. E.S., filed February 22, 2001), *no perm. app. requested* (Susano, J., concurring). However, since this constitutional issue was not raised below, I do not find it necessary or appropriate to resolve it on this appeal.

_____
CHARLES D. SUSANO, JR., JUDGE